THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL KEVIN,

        Plaintiff,

   v.

JOHN GHAG, *et al.*,

        Defendants.

CASE NO. C17-1929-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On December 29, 2017, Magistrate Judge Brian Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2). At a minimum,

a complaint must put defendants on notice of what wrongs they committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

In review of Plaintiff's complaint, the Court does not find it contains a short and plain statement of the claim showing he is entitled to relief and that places the Defendants on notice of the claims against them. This is true even when the Court applies the Ninth Circuit's directive to construe *pro se* complaints liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff names as defendants "John Ghag, Americas Best Value Inn" and "Greg Mount, Red Lion." (Dkt. No. 5 at 1.) Plaintiff alleges that he was harmed when he was "bitten badly by bed bugs, at this hotel." (*Id.* at 2.) However, Plaintiff does not specifically allege what hotel this occurred at or when he was bitten. Nor does Plaintiff allege how the named Defendants—John Ghag and Greg Mount—caused him to be harmed. Aside from being named as defendants, there are no factual allegations in the complaint regarding either of the named defendants. Although the Court finds the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted).

Accordingly, the Court ORDERS that Plaintiff shall file an amended complaint no later than twenty-one (21) days from the date of this order. In his amended complaint, Plaintiff must include a short and plain statement of how the named Defendants caused him harm, where the harm occurred, and when the harm occurred.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff at 1035 E. Vista Way #141, Vista, CA 92084.

DATED this 29th day of December 2017.

                                                William M. McCool
                                                Clerk of Court

                                                s/Tomas Hernandez
                                                Deputy Clerk