THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL KEVIN,

        Plaintiff,

   v.

JOHN GHAG, *et al.*,

        Defendants.

CASE NO. C17-1929-JCC

ORDER

This matter comes before the Court *sua sponte*. Plaintiff Daniel Kevin filed this *in forma pauperis* complaint on December 27, 2017. (Dkt. No. 1.) Magistrate Judge Brian Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4). After reviewing the complaint, this Court determined Plaintiff failed to state a claim upon which relief could be granted and directed him to file an amended complaint within 21 days. (Dkt. No. 6.) Plaintiff failed to file an amended complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). At a minimum, Rule 8 requires that a complaint must put defendants on notice of what wrongs they committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

The Court finds that Plaintiff's complaint does not contain a short and plain statement of his claim showing he is entitled to relief. This is true even when the Court applies the Ninth Circuit's directive to construe *pro se* complaints liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff names as defendants "John Ghag, Americas Best Value Inn" and "Greg Mount, Red Lion." (Dkt. No. 5 at 1.) Plaintiff alleges that he was harmed when he was "bitten badly by bed bugs, at this hotel." (*Id*. at 2.) However, Plaintiff does not allege what hotel this occurred at or when he was bitten. Nor does Plaintiff allege how the named Defendants—John Ghag and Greg Mount—caused him to be harmed. Aside from being named as defendants, there are no factual allegations in the complaint regarding either of the named defendants. (*See* Dkt. No. 5.) The complaint fails to put Defendants on notice of how they harmed Plaintiff.

Although the Court finds the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted). Accordingly, the Court dismisses Plaintiff's complaint without prejudice. The Clerk is DIRECTED to close this case and mail a copy of this order to Plaintiff at 1035 E. Vista Way #141, Vista, CA 92084.

DATED this 25th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE